Next case is M.O.V.E. Inc. et al. v. Real Estate Alliance Ltd. Next case is M.O.V.E. Inc. et al. v. Real Estate Alliance Ltd. Next case is M.O.V.E. Inc. et al. v. Real Estate Alliance Ltd. May it please the Court, my name is Lawrence Husick and I represent Real Estate Alliance Ltd., which is known as REAL. I participated in the drafting of the patent in suit and REAL's majority owner is Mark Tornetta, the inventor of the patent in suit. I come before this Court to prevent a clear miscarriage of justice stemming from Appley Moves litigation misconduct and the District Court's blatant disregard of this Court's mandate following the second appeal. But you say you've come before this Court, you've come before this Court what, for the third time? That is correct, Your Honor. And didn't we remand on a limited basis, which has now been foreclosed by the Supreme Court? No, Your Honor, it was not foreclosed. The mandate of this Court instructed the District Court to inquire into the question of the nature of the users of the selecting step and their relationship with Appley Moves, as well as Moves' knowledge and inducement. Following the remand, following the mandate, the District Court said that that mandate had been eviscerated by the Supreme Court. It allowed only a status report to be filed. There was no additional finding of fact. There was no additional finding of law, merely reinstating. And so the District Court utterly ignored the mandate in this case. This compounded the District Court's error, because the District Court failed to follow the standard procedures in summary judgment under Caterpillar, in which it should have accorded the facts induced by real all of their weight and should have drawn all inferences in favor of real as the non-movement. The mandate in the last appeal related to exploration of a theory under inducement under 271. That is correct. And in what respect did the District Court fail to adhere to that mandate? The District Court addressed that question and said that in the interim the Supreme Court had overturned that decision, overturned Akamai's en banc decision on inducement, and there was nothing else left to do. I respectfully differ, Your Honor. There was much left to do. What was left to do? The District Court never made a factual inquiry with respect to all of the users of the selecting steps of the claim. The District Court did not accord either the expert testimony or the factual evidence its due weight. There was substantial expert testimony that some of the users had contractual relationships with Move! the appellee. There was substantial expert testimony and factual evidence that the host computer system in fact performed those steps. This is under a direct infringement theory? This is under an induced infringement theory, because the question in the mandate was what is the relationship between Move! and the users? A question never answered by the District Court. And is there knowledge on the part of Move! of the patent and did it induce the users to perform those steps? Again, the District Court ignored those questions in the mandate and merely reinstated its prior summary judgment. What relevance does any of that have if there is no direct infringement? Because it is possible that there would have been direct infringement had the facts been accorded their due weight. And that is why we are here today. But wasn't that addressed, the 271A direct infringement question in the last appeal? And it was addressed on the basis of a misrepresentation by Move! to the District Court and to this court. In the first appeal, Judge Moore posited a hypothetical that a computer could select if there were objective criteria that were elicited from a user and then the computer would say, this is an area where you should look for a house. It was incumbent upon Move! at that time and subsequently in the District Court to say, yes, your honor, our find a neighborhood function performs exactly that function. And yes, they failed to do that in this court and then doubled down by disclaiming that function in the District Court. A clear error in fact, and that error in fact creates the hardship, creates the manifest injustice that I am here to address today. It is a factual finding. I am not questioning the law of the claim construction of this court as applied by the District Court. But the District Court clearly ignored facts on the record before it. And those facts were obscured by the litigation misconduct of Move! We believe that it is important to recognize that and then to recognize that we are here today to talk about 271A divided infringement solely because the District Court made these errors that should be remedied. Because had the District Court recognized the true function of the Move! system, we would not be here discussing the question of whether 271A should be properly interpreted to allow the standard as it was at the time that this case began eight years ago. Namely, that parties acting in concert to perform the steps of the claim should be adjudged to be infringers. This is a case where that hoary admonition against twisting a nose of wax has been violated twice. First by the District Court when it inserted this phantom, this ghost in the machine of a user. All method claims require that there be some prime mover, someone who pushes the button to get it started, pours the chemical from one beaker to another, operates the equipment. And I know, having drafted this claim, that the claim in this case is a claim for how the computer functions. Putting a user into a claim can be done with literally any method claim, and this is error. But beyond that, Your Honor, what we're facing here is a question of how the claim should be regarded. And the second twisting of that nose of wax is the case that during the pendency of this action, we have gone from the standard of on-demand to requiring... Yes, Your Honor. You open by saying there's been litigation misconduct here? Yes. I heard that when you said that, and I said, well, I must have missed that in the brief. Is this an argument that's in the brief? The argument is that the find a neighborhood function clearly demonstrates that the hypothetical posed by Judge Moore and repeated by the district court as a justification for its ruling of non-infringement ignored the find a neighborhood function that we... Am I correct that I missed an allegation of litigation misconduct in here? No, Your Honor, you did not. But what I am saying now is that to have hidden the ball on that, to have specifically made statements in moving papers... Then why are you wasting scarce time on an issue that was not briefed? I'm wasting it. I'm not wasting it, Your Honor. What I'm doing is addressing the question of whether the prior holding of this court was founded on quicksand, was founded on a misrepresentation... But doesn't the fire... You obviously have a problem with the prior holdings. I can understand that, but doesn't that holding stand as law of the case? Law of the case, Your Honor, relates to the law and not the facts, and there are three instances in which law of the case can be reversed in the appropriate instance. Because I understood in the briefing here that the real goal is that you wanted us to revisit Muni Auction and BMC, and now I guess you would also want us to take another look at the Akamai Technologies v. Limelight opinion that came out on May 13th of this year. Yes, Your Honor. Absolutely, we believe that those... I mean, that was what I understood the real thrust of the briefing to be, that you felt the court should take in vain those earlier two cases, and now you would add to that the recent case that just came down. I certainly would, Your Honor, but the basis on which we are here to argue that those decisions were improvidently decided, that the consistent narrowing of the standard for 271A infringement during the pendency of this litigation is the fundamental error that put the ghost in the machine, the user into the method claim, and that but for that fundamental error, we would not be here arguing 271A scope. And so we do not believe that there is a law of the case issue because there is a wrongly decided fact here. There is no doctrine of law of the case that is fact-related. It's not a fact-of-the-case doctrine. The law is that either a user or a computer may select, and we do not dispute this. But the clear facts on the record, absolutely indisputably, in expert testimony and documentary evidence, show, and should have been accorded full weight in a summary judgment context, show that the computer system and those who have contractual privity and relationships with MOVE both performed the selecting step. Do you want us then to address the arguments you're making and, at the same time, which a panel can do, recommend to the court that this case be considered en banc? Yes, Your Honor, absolutely. We had petitioned for hearing en banc. That was denied. I would ask that this panel recommend, in addition to all of the amici in the Akamai case who have spoken that they believe that that case is improperly decided and have requested en banc hearing, I would ask that this panel join that chorus and address the 271A issue as this panel, as this court was invited to do by the Supreme Court in its Akamai decision, recognizing that there is an anomaly here. I guess that invitation was taken up in the May 15 Akamai decision in this court. We did address the issue. Yes, and I would ask that that issue be reconsidered and readdressed. The reason that I am here, Your Honor, is that we face, without ever having had an evidentiary hearing, without a shred of testimony, being before you for the third time, a summary judgment decided quite in opposition to the standards of summary judgments set forth in Caterpillar, a summary judgment which did not give due weight to the evidence and which misconstrued the law and, lastly, which ignored the mandate of this court because it may be on full factual evaluation that there is no induced infringement in this case, but we do not know. There is not a shred of record evidence about that. The district court did not obey that mandate. The district court merely said what we have here is the mandate having been eviscerated. Mr. Husek, you're into your rebuttal time. You can either continue or save it. One quick question. Yes. Am I correct that you are not asserting a divided infringement claim in this case? We are, at the moment, under the law as it exists. No, no, no, no. It seems to me that in the record below you made it clear to the district court that you were not asserting a divided infringement claim, that your claim was predicated on the fact that the parties who are involved and accused of infringement were themselves actually performing all of the steps and that, therefore, whatever the outcome in Akamai, it doesn't make a difference in your case. Your Honor, at a time when that law was in flux, we stated to the court that it was our belief that the facts properly accorded would show that the MOVE computer system performed all of those steps. And that you were not asserting a divided infringement claim? At that time, under the law, as then decided, yes, Your Honor. Well, at that time. At that time. We did not waive that argument. We did not say anything which would have been a knowing, affirmative waiver of making the argument in the case the law changed. And you made that clear? I believe we did, Your Honor. Thank you. Where did you make that clear in the record? I just want to be clear on this point. I believe that we made that clear in the record by asking the district court to accord proper weight to the facts, to observe that the users had contractual relationships, and thus under the mastermind theory, under the direction and control theory, and under the contract theory, there was no need to consider the divided infringement question. Thank you. Mr. Cusick, we'll give you three minutes of rebuttal. Thank you, Your Honor. If you need it, Ms. McGrath. May it please the Court? My name is Robin McGrath. I'm here on behalf of the appellees, MOVE, National Association of Realtors, National Association of Home Builders. I will collectively refer to them as MOVE. This court should affirm the district court's entry of summary judgment of non-infringement because under the law of divided or joint infringement, both as it stands today and as it stood at the time summary judgment was entered, MOVE cannot be found liable for either direct or indirect infringement. Specifically, in the immediately prior appeal to this case, this court, quote, agreed with the district court there is no genuine issue of material fact that MOVE does not control or direct the performance of each step of the claim method, and it concluded, unquote, and it concluded, quote, that the district court did not err by finding no genuine issue of material fact that MOVE is not liable for direct infringement of claim one. Under the Supreme Court's Akamai decision, in the absence of a liability for direct infringement, there can be no liability for indirect infringement. And that's it. That's really, at this point, all this court needs to consider to address the merits of REAL's appeal. I want to address some of the statements by Mr. Husek about litigation misconduct. You're right. That is not what this case has ever been about. REAL says that the law has been moving a target. The only thing that has been a moving target in this case is REAL's theory of infringement. It loses one, it shifts to another. It loses that, it shifts to another. As was pointed out, the original theory was that MOVE itself performed all steps of the case. We move for summary judgment on the ground that MOVE does not perform all steps and does not direct or control the performance of the steps. At that point, it was incumbent upon REAL to come forward with all of the evidence they had to show otherwise, to either show that MOVE in fact performed all the steps or to show that they directed or controlled the steps. They did neither. They did make a good effort to try to show that MOVE performed all the steps. What they didn't do is come forward with this find-a-neighborhood evidence that we are hearing about now in this case for the first time. This case has been pending since 2008. This evidence that apparently MOVE engaged in misconduct for not coming forth with, they didn't come forth with on summary judgment. If that evidence truly shows that MOVE performed all the steps, then they should have identified it at that point. They didn't, nor did they show any evidence of direct or control. As you pointed out correctly, Your Honor, they denied that a user even got involved in the selecting steps. Their whole position was the user does not perform the selecting steps. Mr. Usick says that he hasn't waived that argument, that theory. Is that correct? If ever there was a more clear case of waiver before this Court, I am not aware of it. Those issues not raised below at the District Court cannot be heard for the first time appeal. That's from this Court's Conoco versus Energy versus an environmental case, 460 F1349, and a million other cases that say the same thing this Court has said. They did not raise direction and control. Not only did they waive it, but they affirmatively disavowed it. They came out and said the user does not select. MOVE is the only one that selects, and they even went further and said, oh, by the way, Akamai is irrelevant. In fact, after the initial remand from the first appeal, we asked the Court to stay the case because Akamai had been agreed to be heard en banc, and we thought it made sense to get some direction from the Court before we went ahead and filed a motion for summary judgment on the issue. And real files agree, saying it's irrelevant. Akamai has nothing to do with this case. This is not a direction and control case. This is a case in which MOVE performs all of the steps themselves. How those facts can support a statement that they preserved this argument for appeal and did not waive it, I'm at a loss. I can't see it. We think that not only has there been a clear waiver, in addition, the law of the case would say this Court has already decided. No direct infringement. They can't get a second bite of the apple. They cannot go from, this is not a direction and control case, this is just a direct infringement case, to, well, we should change the standard for direction and control, which is what their appeal was based on, their appellate brief. That went out the door when this Court denied en banc hearing twice because they moved for reconsideration and it was denied as well. So now they're actually coming with a third theory that we are hearing now for the first time, which is that we actually did directly infringe by performing all of the steps ourselves based on this evidence that was never seen before. And it was the demonstrative that they were wanting to put forward that we responded to in our brief that said, where did this come from? We've not seen it before. So, between waiver, between the law of the case, between this Court's prior decision, and I do want to address the mandate issue, because the idea that the district court disregarded the mandate is, frankly, I don't know where that came from. The mandate was very specific. It was remanded specifically to address indirect infringement under the law of Akamai on the en banc decision. That's what the mandate said. The district court, by the time it went to address that, Akamai had been reversed by the Supreme Court. And so the district court said the whole basis for the mandate had been undermined. And that's factually accurate. The court then asked, gave real... In other words, what happens to the remand when the purpose of the remand is vitiated by a subsequent Supreme Court decision? Well, at that point, what the court said was the only reason this was remanded was for determination under a law that no longer exists, and that, Your Honor, was the only reason this court remanded it was because of that change in law, had it not been for that change in law. In other words, the district court should have then dismissed the case? Well, it reentered summary judgment at that point. It just said, I'm going to reinstate what we did before. And that's what's on appeal now. And that's what's on appeal right now. But I don't see any basis for that, because the district... Real says the district court did not give it a chance to respond. I have two responses to that. Number one, it did. The district court gave Real 20 days before reentering summary judgment on moves request to respond. Real did not respond. But I would submit, Your Honors, that had it responded, the district court would have been without power to even address the issue, because the mandate was very specific, address induced infringement under the on-bank Akamai decision, which went away. So the district court couldn't have addressed that decision on the mandate, had no choice but to reenter. So you're saying the effect of the Supreme Court decision wasn't to enable the district court to hear a different argument. That's exactly right, Your Honor. Or a new theory. Or any new theory. All the Supreme Court decision did was place the law back to exactly the way it was when summary judgment was entered.  No new evidence has arisen. No additional case law has issued. Nothing that would suggest the law of the case, as decided by this court in the prior appeal, should be changed. And given that finding of no direct infringement, there can be no finding of indirect infringement under the Supreme Court's Akamai. That's it. There's nothing more to decide except, in our opinion, whether we've moved for sanctions because we believe that this appeal is so lacking in merit that it should issue in sanctions. I really don't have much else to offer unless Your Honor has any questions or issues. But that's our position in a nutshell. Thank you, Ms. McGrath. Mr. Fusek. Thank you. You have three minutes if you need it. Your Honor, the precise language of the mandate instructed the district court to determine whether a genuine issue of material fact existed as to the performance of all the claim steps, whether by one entity or several. Moreover, the district court did not analyze whether MOVE had knowledge of Real's patent and induced users to perform the claim steps that MOVE did not itself perform. The record is silent as to any information that the district court decided on either of those things because the district court decided that it didn't have to. What it said was that the Federal Circuit mandate had been totally undermined, and it said, accordingly, we now reinstate our grant of summary judgment of non-infringement in favor of MOVE. The district court procedurally demanded of the parties only a status report, and when local counsel inquired as to whether additional argument would be permitted or evidence on those questions relevant to the mandate, the district court responded in the negative. Let me now address Ms. McGrath's argument. There is in the record, Your Honor, a declaration of a Mr. Mankin at A154 Etsec, which is MOVE's attempt to demonstrate that its users are not bound to it under contract, are not under direction and control, and so forth, and this was entered in the record in response to direct statements by REAL that those factors, direction and control, mastermind, and so forth, did exist. In the district court, REAL argued both theories, both that all steps were performed and that there was some form of contractual relationship and therefore direction and control, but the district court only addressed the question whether all steps had been performed as this court recognized in the second appeal. And finally, the holding of the district court is only that MOVE did not perform all of the steps. It did not address the control issue that was the subject of the mandate, and we believe that that is a sufficient reason for overturning the entry of summary judgment, for according the evidence its due weight, and for sending this case finally back for a full hearing. Thank you. Thank you, Mr. Gusek. We will take the case under advisement.